The action stood continued for advisement; and at this term the opinion of the Court was delivered as follows by
Sedgwick, J.
It being agreed that the goods, for the conversion of which this action is brought, did once belong to the plaintiff, and that, upon a demand by him, the defendant refused to deliver them, there is no doubt of the conversion; and the only question is, whether the defendant is authorized by law to detain the goods as forfeited, for the cause alleged by him. The solution of this question depends on the construction of the act of Congress of the 20th of July, 1790.
By the first section, masters and commanders of ships or vessels in foreign trade, and in the coasting trade if the vessel be of the burden of fifty tons, are to provide shipping papers, written or printed, to be signed by the mariners, declaring th'e [ * 667 ] * voyage or voyages, term or terms of time, for which they shall be shipped.
The second section of the act determines what a mariner shall forfeit for neglecting for a time or wholly to render himself on board according to his contract, or for deserting or escaping, after having rendered himself on board, “ so that the ship or vessel proceed to sea without him.”
It is observable that these forfeitures are incurred for neglect or breach of duty in cases which can happen only prior to the commencement of the voyage; as a neglect of the mariner to render himself on board according to his agreement, or deserting, after having rendered himself on board, “ so that the ship or vessel proceed to sea without him.”
There is another kind of delinquency, not provided for by the second section of the act, viz., a mariner’s absenting himself from on board a ship or vessel, on board which he has shipped himself, without the leave of his commanding officer, after the commencement of the voyage. This case is provided for by the fifth section of the statute, by which it is enacted “ that if any seaman or mariner, who shall have subscribed such contract as is herein before described, shall absent himself from on board the ship or vessel in which he shall so have shipped, without the leave of the master or officer commanding on board; and the mate, or other *585 officer having the command of the log-book, shall make an entry therein of the name of such seaman or mariner, on the day. on which he shall so absent himself, and if such seaman or mariner shall return to his duty within forty-eight hours, such seaman or mariner shall forfeit three days’ pay for every day he shall so absent himself, to be deducted out of his wages; but if any seaman or mariner shall absent himself for more than forty-eight hours at one time, he shall forfeit all the wages due to him, and all his goods and, chattels, which were on board the said ship or vessel, &c., at the time of his desertion, to the use of the owners.”
To suppose that the forfeiture expressed in the fifth section includes a desertion before the commencement of the voyage, the case which is provided for in the second section, and which was, in fact, the case under consideration, is to suppose * that the legislature in the same act has provided two [ * 668 ] distinct and unequal forfeitures for the same delinquency ; which would not be respectful to those by whom the act was passed. We are, therefore, of opinion that the second section intended the forfeiture expressed in it, for conduct previous to the commencement of the voyage; and that in the fifth section was intended such conduct of the seaman as should happen after the commencement, and during the continuance of the voyage.
This opinion is fortified by the consideration that, by the fifth section, all the wages due at the time of the .desertion, when, upon this construction, it is to be presumed wages would be due, are forfeited ; while in the second section there is no provision for the forfeiture of wages, because the case contemplated being before the commencement of the voyage, very little, if any, wages can be supposed to be then due.
The result of this opinion is, that the defendant had no right to detain the goods of the plaintiff, and of course that the plaintiff is entitled to recover.