The opinion of the court was delivered by
Til&hman, C. J.
(after stating the facts). The question is, whether, on these facts, the plaintiff be entitled to recover of the defendant, a sum equal to that which was paid by advance, to the said Knowlton, at the time of signing the contract, over and besides the sum so advanced.- This depends on the act of congress j “for the government and regulation of seamen in the merchants’ service,” passed the 20th July, 1'/90.
The first section of the act, directs, “that the' master shall, before he proceeds on the voyage, make an agreement in writing, or print, with every seaman or mariner on board, declaring the voyage, and the term of-time, for which such mariner shall be shipped.” By the second section it is enacted, “ that at .the foot of every such contract, there shall be a memorandum m writing, of the day and hour, on which such seamen or mariners shall render themselves on board, to begin the voyage. And if any such seaman or mariner, shall neglect to render himself on board the vessel for which he has shipped, at the time mentioned in such’ memorandum, and the master or other officer, shall on the day on which such neglect happened, make entry in the log-book, of the name of such seaman or mariner, and shall in like manner, note the time that he neglected to render himself, (after the time appointed,) every such seaman or mariner shall forfeit, for every hour which he shall so neglect to render himself, one day’s pay, according to the rate of wages agreed on, to be deducted out of his wages. And if any such seaman or mariner shall wholly neglect to render himself on board such vessel, or having rendered himself on board, shall afterwards *154 desert and escape, so that the vessel shall proceed to sea without him, he shall forfeit and pay, to the master, or owner of the vessel, a sum equal to that which shall have been paid to him in advance, at the time of signing the contract, over and besides the sum advanced, which may be recovered against him or his suretyJ’ This second section contemplates two kinds of default, or misconduct,, for which different penalties are inflicted. The first is, where the seaman renders himself on board) but not punctually at the time appointed, for which he is subject to the penalty of one day’s wages for each hour of default. The second is, where the seaman, either neglects wholly, to render himself on board, or haying rendered himself, afterwards deserts, so that the ship proceeds to sea without him, in which Case he forfeits double the sum Which has-been advanced to him. The present case, is a default of the second description. The seaman rendered himself on board* and after-wards deserted*, and the ship proceeded to sea without him. It is within the very words of the act, unless it can be made out, that going from Philadelphia to Chester, -is a proceeding to sea, for then the ship did not proceed to sea without him. It is certain;, that when the ship arrived at Chester, she was not at sea, and therefore, I do not comprehend how she had proceeded to sea. The defendant’seounsel say, thát a ship may be said to proceed to sea, as soon ás she begins to proceed towards the sea, in other words, as soon as she comménces the voyage. This construction is tod refined — too much at variance with the meaning of the words as generally understood. And moreover4, it seems at variance with the understanding of,the legislature — for in the first section, where it was intended, that certain'things should be done-Before the commencement of the voyage, it is said so. The master is directed to make an agreement with the seamen, before he proceeds on his voyage, not before he.proceeds to sea. -So in the second section, there is to be á memorandum in writing, of the day and hour, when the seamen shall fender themselves on board to begin the voyage. Neither will the object of the law be attained, on the defendant’s construction. The object was, to deter the seamen from deserting, as long as they might be supposed to have it in their power to desert — that is to say, until the ship got to sea. It is quite as easy to desert at Chester, as at Philadelphia. B ut when once at sea, there is no danger of desertion. It is objected, that there may be difficulty in deciding, when a ship is at sea. That may be ascertained by the opinion of seamen. And supposing there be a little difficulty, it is no reason for resorting to a construction, which would deprive the law of its'effect in a very material part. But the defendant’s counsel place great reliance ón the fifth section, which they say, inflicts a penalty for desertion after the commencement of the voyage, and therefore, it is to be intended, that the second section, extends only to desertion before its commencement. The fifth section is as follows: “If any seaman who shall *155 have subscribed such contract, shall absent himself from on board the vessel in which he shall have so shipped, without leave of the master or officer commanding on board, and the mate or other officer having charge of the log-bools, shall make an entry therein, of the name of such seaman, on the day on which he shall absent himself, and if such seaman shall return to his duty within 48 hours, he shall forfeit three days pay, for every day which he shall so absent himself, to be deducted out of his wages ; but if he shall absent himself for more than 48 hours at one time, he shall forfeit all the wages due to him, and all his goods and chattels which were on board the said vessel, or in any store where they may have been lodged at the time of his, desertion, to the use of the owners of the vessel, and moreover, shall be liable to pay to him or them, all damage which he or they may sustain, by being obliged to have another seaman in his place.” On this section it is to be observed, that it certainly comprehends some cases, not included in the second section. It comprehends cases of desertion, after the ship has proceeded to sea, viz. in foreign ports, and perhaps that was its principal object, and I incline to the opinion, that it does not comprehend all the cases included in the second section — for instance, the case of a seaman who never rendered himself on board the ship, or of one, who having rendered himself, deserted .before the ship sailed on her voyage. Such was the case of Cotel v. Hilliard, decided by the Supreme Court of Massachusets, (4 Mass. Rep. 664). I agree with that decision, though I do not wholly agree with theWgument of the learned Judge, who delivered the courts opinion. He seemed to think, that the second section was confined to desertion before the commencement of the voyage. I think it extends to desertion before the ship has got to sea. There-isno inconsistency between the second and fifth sections. Even if the fifth section should be so construed as to include cases within the provision of the second, so as to inflict a cumulative penalty, according to the argument of the present Judge Story, who was of counsel with the plaintiff in the case of Cotel v. Hilliard, there would be no inconsistency. Inasmuch then, as this case falls directly within the words of the second section, as well as its spirit, it appears to me that the law is with the plaintiff. In 2 Peters’s Reports, 97, 98, (appendix,) it is said, in a note, to have been frequently decided in the courts of common law, that a vessel has not proceeded to sea,, within the meaning of the act of congress, until she has left the capes of the Delaware. No case is cited, but. I presume the author would not have made the assertion without some authority. Be that as it may, as it is quite certain, that the ship had not proceeded to sea, when she had gone no further than Chester. I am of opinion that the judgment of the Court of Common Pleas should be affirmed.
Judgment affirmed.