## BELLOWS *v.* GOODALL, EXR. *de son tort.*

The 15th section of chap. 158 of the Revised Statutes, which provides that any person unlawfully intermeddling with the personal estate of a deceased person, " shall be liable to the actions of creditors and others aggrieved, as executor in his own wrong, to double the value of the estate so intermeddled with," requires no other form of action, in a suit by a creditor against the executor *de son tort,* than such as the nature of his claim would require to enforce it at common law. Debt is therefore the proper remedy against the executor *de son tort* upon a judgment rendered against the deceased in his lifetime.

THIS is an action of debt against the defendant, as executor of his own wrong of one J. Goodall, deceased, to recover the amount of a judgment of the Court of Common Pleas rendered against said J. Goodall before his decease.

The defendant objects that the plaintiff cannot recover in this form of action, and contends, that as both the right of action and amount of judgment which may be rendered in the suit, are given and dependent upon the statute, the plaintiff can recover if at all only in an action on the case, or upon a special declaration, setting forth the indebtedness of the deceased, the intermeddling by the defendant with his estate, and to what amount ; and it is agreed by the parties that if the Court shall be of opinion that the objection is well taken, a nonsuit shall be ordered ; otherwise the cause shall stand for trial.

*Benton,* for the plaintiff. Debt lies as well against an executor in his own wrong as against an executor proper ; and in declaring he is to be set out as the executor of the last will, &c., of the deceased. Chit. Plead. 290.

The statute declaring a penalty against the intermeddler, does not take away the common law remedy.

*J. W. & G. C. Williams,* for the defendant. The statute provides in what cases a person may be charged as executor in his own wrong ; § 15, ch. 158, Rev. Stat. ; and this liability is a question depending in its determination upon a variety of considerations, all of which are provided for by the express language of the statute. 1. *What acts,* in reference to the estate of the deceased, render him liable ? These are declared in the

.terms of the statute, and have received judicial interpretation in a variety of cases. 2. *To whom* he may be liable, namely, creditors and others aggrieved ; but not liable to heirs at law, as interpreted. *Leach* v. *Pillsbury & Trustee,* 15 N. H. 139. 3. The extent and amount of the liability is given and fixed by the same statute.

Although an action may have been maintained at common law against an executor *de son tort,* yet the liability is by statute, limited and defined as to the parties that may sue, and the extent to which he shall suffer for his wrong. The declaration should be special, and all the allegations necessary to the maintaining of the action should appear in it, agreeably to the statute. *Wright* v. *Cobleigh,* 1 Fost. 342.

Now this declaration in the ordinary form of " debt" upon a judgment, recites the judgment, and then concludes, " whereby an action hath accrued to have the said sum of," &c. But the sum the plaintiff is entitled to recover is not *certain and fixed* by the judgment; it depends upon the nature of the estate intermeddled with, and is to the extent of double that value ; not to exceed, of course, the judgment against the deceased.

The liability of an executor *de son tort* is in its nature essentially distinct from that of an executor duly appointed. It is governed by different rules and subject to different principles. The one is founded on consent and contract, while the other is in substance founded upon a tort. In *Leach* v. *Pillsbury & Trustee,* 15 N. H. 139, it is questioned whether the liability of such an executor can be tried in a trustee process. If not in such process, which is in effect an action between the plaintiff and trustee, it must be for like reason which would prevent the determining of such liability in assumpsit or debt.

SAWYER, J. It is objected in this case that debt is not the proper form of action for enforcing the liability incurred by an intermeddler with the goods of a person deceased, but that, under the provisions of our statute, case should be brought, or a special declaration should be framed, setting forth the facts necessary to bring the defendant within the terms of the statute.

This objection proceeds upon a misapprehension of the nature of the penalty to which the intermeddler is subjected by the provisions of our statute, and of the relations sustained by him towards the estate and its creditors.

The liability of the person intermeddling, to the creditors of the estate, is not given by statute. It exists at common law. 5 Co. 30 ; Dyer 166, *b ; Padget* v. *Priest & al.*, 2 T. R. 97.

The extent of that liability at common law is the value of the assets which come to his hands. In Dyer *qua supra*, it is said, " an executor *de son tort* shall not answer for more than comes to his hands, by Coke, 10 Jac., and he said it was a foolish opinion in any one who thought to the contrary." In 1 Saund. 265, note 2, it is said, "if he"—the intermeddler—" plead *plene administravit*, he shall not be charged beyond the assets which come to his hand." Numerous modern authorities sustain the position. *Mitchell* v. *Lunt*, 4 Mass. 654 ; *Ness* v. *Van Swearingen*, 7. Serg. & Rawle 196 ; *Glenn* v. *Smith*, 2 Gill & John. 493 ; *Yardley* v. *Arnold*, Car. & M. 434.

The ground upon which the creditors of an estate are permitted to hold the intermeddler liable, is, that finding him conducting with the assets as no one but a legal administrator may rightfully do, they are at liberty to consider him as having a will of the deceased in which he is appointed executor, but which he has not yet proved. 1 Will. on Exrs. 217. They, therefore, may treat him as holding the relation of administrator, which he has assumed, and proceed against him by suit, independently of the statute, subjecting him to the duties and troubles of executorship because he has assumed to exercise its powers, and holding him to administer for their benefit all the assets in his hands, as the rightful administrator would be bound to do. By the provisions of § 15, chap. 158, of the Revised Statutes, any person unlawfully intermeddling with the personal estate of one deceased, is declared " chargeable and liable to the actions of creditors and others aggrieved, as executor in his own wrong, to double the value of the estate so intermeddled with." The amount of assets in his hands which he may thus be required to administer, shall be taken and considered to be this double value.

When he shall have administered to that extent, and not until then, he may defend himself against any further suit of creditors by the plea of *plene administravit*. This double amount is not to be recovered as a penalty, *eo nomine*, by any creditor or any number of creditors.

The only effect and operation of the statute are to enlarge the liability to double the amount of the common law liability ; and although this may be considered in one aspect as penal, for the punishing and preventing of such unlawful intermeddling, yet it is a liability in the words of the statute, " to the actions of creditors." What actions ? Obviously such as creditors may institute under the rules of law for the recovery of their claims against the estate of the deceased, whether in the hands of a rightful administrator by the appointment of the judge of probate, or of an executor *de son tort*, liable to be pursued in the capacity which he has usurped by any creditor who may find him thus intermeddling. In either case the form of action must be the same. In the former the creditor proceeds against the party representing the estate as its administrator, by appointment of law, and in such form of action as is adapted to the nature of his claim. In the latter, against a self-constituted executor, administering by his own appointment so much of the estate as may have come to his hands, and necessarily in the like form of action. The object in both cases is to obtain a judgment *de bonis testatoris ;* and in the case of the executor in his own wrong, he is under the statute to be considered as having the goods of the estate in his hands, against which the creditors may proceed by suits for the satisfaction of their claims, until this double value has been exhausted.

The reasoning of the Court in *Neal* v. *Barker*, 2 N. H. 477, and in *Brown* v. *Leavitt*, 6 Fost. 493, proceeds substantially upon these views.

The form of action in this case was rightly conceived. The motion for a nonsuit must be denied, and the cause stand for trial in the Court of Common Pleas.